2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMSON, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:06-CV-282 |
| v. | § | |
| | § | JURY |
| PACCAR, INC., | § | |
|     Defendant. | § | |

**DEFENDANT PACCAR, INC'S MOTION FOR
SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant PACCAR, Inc., including its Peterbilt Motors Company division ("PACCAR") and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule CV-56, files this its Motion for Summary Judgment and Brief in Support Thereof, and requests that this Honorable Court grant Defendant's Motion for Summary Judgment, and in support thereof respectfully states and shows this Honorable Court as follows:

**I.
FACTS AND PROCEDURAL BACKGROUND**

This negligence and premises liability lawsuit arises out of an incident that occurred on or about June 29, 2004. Plaintiff alleges that he was working at PACCAR's Denton, Texas Peterbuilt facility when a metal die fell on his finger causing his injuries. It is Plaintiff's contention that the incident resulted in damages. Plaintiff filed his Original Petition in state court on May 9, 2006 alleging that PACCAR was negligent in owning, maintaining and operating the premises. Plaintiff asserts causes of action based on negligence and seeks damages for pain and

---

suffering, physical impairment, mental anguish, medical expenses, life care costs[1], and lost earnings.

Defendant filed its Notice of Removal on July 7, 2006 (on file with the pleadings in this cause), seeking removal to federal court due to diversity jurisdiction.

At the time of the incident, Plaintiff was employed by Humphrey and Associates, Inc. ("Humphrey"), who was engaged in on-site work at the Peterbilt plant based on a purchase order from PACCAR/Peterbilt. Plaintiff's work was being performed at the direction of his employer, Humphrey & Associates. On the day of the incident Plaintiff was assisting a co-worker by attempting to retrieve a fitting that had been dropped and rolled under a rack holding large metal press dies ("die rack"). In his attempt to retrieve the fitting, a large metal die fell off the rack and cut his index finger. Plaintiff subsequently sued PACCAR for his injuries asserting theories of negligence and premises liability.

Defendant notes that Plaintiff has provided varying versions of the events that allegedly caused his injuries. However, solely for the purposes of this Motion, Defendant will assume that the events happened in the manner represented in Plaintiff's Original Petition and by Plaintiff's recent deposition testimony. Even assuming all factual inferences in Plaintiff's favor, Defendant is still entitled to summary judgment on each and every of Plaintiff's causes of action.

## II.
## SUMMARY OF THE MOTION
## AND STATEMENT OF ISSUES TO BE DECIDED

Defendant PACCAR seeks summary judgment as to all of Plaintiff's claims. Foremost, Plaintiff alleges a duty of care under certain Texas statutory provisions that do not apply to Defendant in this matter. Plaintiff alleges negligence and states that pursuant to sections 101.022

---

[1] On May 22, 2007, one of Plaintiff's counsel, Mr. Joshua Davis of Clinesmith and Lynch, LLP, represented that Plaintiff would not seek life care costs. If this is the case, the parties will stipulate same and file notice with the Court.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**  
**AND BRIEF IN SUPPORT THEREOF**                                                                                2 of 15

and 101.058, and Chapter 75 of the Civil Practice and Remedies Code of Texas, Defendant owed Plaintiff a duty of care under common law (paragraph 10 of Plaintiff's Original Petition). However, TEX.CIV.PRAC. & REM. CODE ANN. (CPRC) §§ 101.022 and 101.058 are part of the Texas Tort Claims Act which applies solely to governmental entities.  In fact, Title 5 of the Texas Civil Practice and Remedies Code, where §§ 101.022 and 101.058 are contained, is actually titled "Governmental Liability."  Defendant is entitled to summary judgment on these claims as it simply cannot be liable to Plaintiff under TEX.CIV.PRAC. & REM. CODE ANN. §§ 101.022 and 101.058 since PACCAR is not a governmental agency as that term is defined by CPRC § 101.001(3).  Further, Chapter 75 of the CPRC addresses limiting the liability of a landowner when the injured is a trespasser or the person is on the premises for recreational purposes.  Section 75.003(d) states that it does not create liability.  Therefore, it is clear that Defendant is entitled to summary judgment on Plaintiff's claims under §§ 101.022, 101.058 and Chapter 75 of the Texas Civil Practice and Remedies Code as they bear no application to this Defendant.

Despite the inapplicable provisions of the CPRC cited by Plaintiff, it still remains that Plaintiff alleges common law negligence and premises liability against Defendant PACCAR as contained in paragraphs 8-9 and 11-13 of Plaintiff's Original Petition.  With regard to these claims, Defendant is also entitled to summary judgment.  Specifically, Plaintiff's claims for negligence and premises liability are barred by CPRC Chapter 95 which determines the extent of liability for property owner's for actions of independent contractors and their employees.

Chapter 95 specifies that it applies to a claim against a property owner, contractor, or subcontractor, for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor that arises from the condition or

use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 95.002. Plaintiff's allegations against PACCAR place this case squarely within the purview of sections 95.002 and 95.003.  Under section 95.003, a property owner will not be liable for negligence claims arising from the failure to provide a safe workplace *unless*: (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress and receive reports; *and* (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.  *See id.*  Plaintiff can adduce no evidence of the requisite level of control in this case, in fact, it is clear that Plaintiff was completely under the control of his employer with respect to his work at the PACCAR/Peterbilt plant.  Moreover, there is no evidence that PACCAR had actual knowledge of the alleged danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

However, even if Chapter 95 did not apply, Plaintiff was an invitee with respect to PACCAR and there is no evidence that: (1) a condition on the premises (the metal die rack) posed an unreasonable risk of harm to invitees; (2) that Defendant knew or reasonably should have known of the danger; (3) the Defendant failed to adequately warn of the condition or exercise reasonable care to make the condition reasonably safe; or that (4) the failure to exercise reasonable care was the proximate cause of this Plaintiff's injuries.

## III.
## STATEMENT OF MATERIAL FACTS

A.  Plaintiff was employed by Humphrey & Associates at the time of the accident.

B.  Humphreys & Associates was an independent contractor working on purchase order basis for PACCAR at their Peterbilt plant in Denton, Texas.

C.  Plaintiff was performing his work duties at the time of the incident which included making repairs to the Peterbilt plant facility.

D.  PACCAR did not exercise or retain control over Plaintiff's work other than the right to order the work to start or stop or to inspect progress and receive reports.

E.  PACCAR did not have actual knowledge of the alleged danger or condition which caused injury.

F.  There is no evidence that the shelf that held the die that allegedly injured Plaintiff was "poorly placed" as alleged by Plaintiff's Original Petition.

G.  There is no evidence that the shelf that held the die that allegedly injured Plaintiff has exceeded its weight capacity as alleged by Plaintiff's Original Petition.

## IV.
## SUMMARY JUDGMENT EVIDENCE

In support of this Motion for Summary Judgment, Defendant refers this Court to the pleadings, the Court's records, and the following summary judgment evidence:

- Exhibit A – Plaintiff's Original Petition;

- Exhibit B – Excerpts from the deposition of James "Kirk" Williamson;

- Exhibit C – Expert Report of Donald Wandling, P.E.[2];

- Exhibit D – Purchasing Order from Peterbilt Motors Company, A Division of PACCAR.

---

[2] Defendant will supplement with color copies of accompanying photographs which are referred to in Plaintiff's deposition and Defendant's experts report.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** 5 of 15
**AND BRIEF IN SUPPORT THEREOF**

## V.
## ARGUMENTS AND AUTHORITIES

### A. Summary Judgment Standards and Burdens.

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548 (1986). Summary judgment is appropriate in any case where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 (5th Cir. 1994). While all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir. 1997), *cert. denied,* 525 U.S. 1103, 119 S. Ct., 868 (1999), conclusory statements are not proper summary judgment evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, if the evidence produced by the opposing party is merely colorable or insignificantly probative, summary judgment is proper. *See id.* at 249-50.

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325. Once the moving party has satisfied this burden, the nonmoving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file set forth specific

facts showing a genuine issue for trial. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256-57. Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

> **B.     Plaintiffs claims are barred by Chapter 95 of the Texas Civil Practice and Remedies Code.**

In 1996, in direct response to the very type of claim asserted in this case, the Legislature enacted Chapter 95 of the Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§95.001-.004; *see Fisher v. Lee & Chang P'ship*, 16 S.W.3d 198, 201 (Tex. App. – Houston [1st Dist.] 2000, pet. denied). Chapter 95 governs "Property Owner's Liability for Acts of Independent Contractors and Amount of Recovery" and pertains to claims "for damages caused by negligence" against a "property owner." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ *95.001(1)-(3)* (Vernon 1997). Section 95.001(3) defines "property owner" as "a person or entity that owns real property primarily used for commercial or business purposes." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 95.001(3).

Chapter 95 specifies that it "applies only to a claim" described as follows:

(1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and

(2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.002(1)-(2). When chapter 95 applies, a property owner will not be liable for negligence claims arising from the failure to provide a safe workplace unless:

> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress and receive reports; and
>
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.003(1)-(2). Both conditions of section 95.003 must be met before liability will be imposed upon the property owner. *Id.*; *see Kelly v. LIN Television*, 27 S.W.3d 564, 567 (Tex. App.--Eastland 2000, pet. denied). The "failure to provide a safe workplace" means that the injuries must relate to work being done by the injured party, but the injury-producing defect need not be the object of the injured party's work. *See Fisher v. Lee & Chang P'ship*, 16 S.W.3d 198, 202 (Tex. App.--Houston [1st Dist.] 2000, pet. denied) (construing legislative history and holding that injury resulting from defective ladder contractor used to access air-conditioning unit contractor was hired to repair was injury within scope of section 95.002(2)).

The negligence of a property owner as contemplated by chapter 95 is premised on failure to provide a safe workplace due to a "condition or use of an improvement to real property" when a contractor or subcontractor "constructs, repairs, renovates, or modifies" the improvement. *See Francis v. Coastal Oil & Gas Corp.*, 130 S.W.3d 76, 83-84 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Chapter 95 thus governs claims based in negligence as well as "passive" premises liability, the only claims alleged against PACCAR in the present case. *See id.*

   1.   *The Plaintiff's allegations against Defendant PACCAR trigger the application of section 95.002.*

As stated above, Chapter 95 governs a "Property Owner's Liability for Acts of Independent Contractors and Amount of Recovery" and pertains to claims for damages caused by negligence against a property owner. TEX. CIV. PRAC. & REM. CODE ANN. § 95.001(1)-(3).

Section 95.001(3) defines "property owner" as "a person or entity that owns real property primarily used for commercial or business purposes." TEX. CIV. PRAC. & REM. CODE ANN. § 95.001(3).[3]

Once it is determined that Chapter 95 applies, its immunity from liability is triggered by allegations:

>  (1) against a property owner, contractor, or subcontractor
>  (2) for personal injury, death, or property damage,
>  (3) to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor;
>  (4) that arises from the condition or use of an improvement to real property
>  (5) where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.003(1)-(2).

Plaintiff's Original Petition alleges that he "was an invitee and performing his general labor duties at a facility owned and operated by Defendant," and that "due to an exceeded weight capacity on a poorly placed shelf, a metal die weighing approximately 250 pounds fell off the shelf within Plaintiff's work area." Further, that "Plaintiff was picking up a part on the floor, and the die fell on his hand, crushing his fingers." *See* Exhibit A, at p.2. Additionally, the Petition asserts that "Defendant owned, maintained and operated the facility and property," that "Defendant invited and permitted the Plaintiff to enter the facility and perform work for Defendant," that Defendant "allow[ed] a dangerous condition and/or unreasonable risk of danger to exist on the subject premises without warning or repairing such condition," and that Defendant's "failure to warn or repair the faulty and dangerous shelf proximately caused the Plaintiff's injuries and damages." *Id.*

---

[3] Section 95.003 applies to property owners and also to their agents who oversee their properties. *See Fisher v. Lee & Chang P'ship*, 16 S.W.3d 198, 203 (Tex. App.--Houston [1st Dist.] 2000, pet. denied). Because Peterbilt is a subsidiary of PACCAR, no distinction is made between these entities for purposes of this Motion.

Further it is undisputed that Plaintiff was there as an employee of Humphreys & Associates, who had been contracted to complete repairs at the facility, and that he engaged in repair work on the premises of the Peterbilt facility.  *See* "Exhibit B", at pp. 33, 38, 52, 93-4 and "Exhibit D."

In so pleading, Plaintiff has judicially admitted the five prerequisites to the application of CPRC Chapter 95, and his claims are therefore governed by that chapter as a matter of law.  As a result, PACCAR will not be liable for any negligence claims arising from the alleged failure to provide a safe workplace *unless*:

> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress and receive reports; *and*
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE ANN. § 95.003(1)-(2).  As set out in detail below, the summary judgment evidence conclusively establishes a lack of any control over the manner in which the Plaintiff's work was performed, and there is no evidence of actual knowledge of the condition resulting in the injury.  In fact, Defendant's expert report states that the die rack in place today which Plaintiff admits is substantially similar, poses no danger.  *See* "Exhibit B", at pp. 34-35, 78-79 and Exhibit C. As a result, PACCAR entitled to summary judgment.

> 2.  *The summary judgment evidence establishes that PACCAR did not exercise any control over the manner in which the Plaintiff's work was performed, and is therefore entitled to summary judgment under section 95.002.*

As a prerequisite to liability, the evidence must establish PACCAR exercised or retained some control over the manner in which the work was performed, other than the right to order the

work to start or stop or to inspect progress and receive reports.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 95.003(1).

In the last few years, the Texas Supreme Court has recently reiterated that control over the manner in which work was performed is a prerequisite to any liability on the part of an owner of premises arising out of injury to an employee of a contractor or subcontractor on the premises under Ch. 95.  *See Phillips v. Dow Chem.,* 2005 Tex. App. LEXIS 9877 (Tex. Nov. 30, 2005).  In that case, Phillips was employed by a subcontractor hired by Dow Chemical to perform repairs at a chemical plant owned and operated by Dow.  *See id.* at page 3.  Plaintiff was working on scaffolding that had been erected on the worksite and died when she feel from the second level of the scaffolding.  Plaintiff asserted negligence and premises liability claims against Dow, alleging in part that Dow failed to provide a safe workplace for Plaintiff.  The Supreme Court held that these allegations triggered the operation of Chapter 95 of the Civil Practice & Remedies Code, and therefore it was Plaintiff's burden to establish that the property owner exercised or retained some control over the manner in which the Plaintiff's work was performed, other than the right to order her work to start or stop, or to inspect progress and receive reports.  *See Phillips,* 2005 Tex. App. LEXIS 9877, at page 25.  Additionally, the Court properly construed §95.003(2) to impose an additional requirement that the property owner must have actual knowledge of the danger or condition resulting in the personal injury or death.  *See id.*  The Supreme Court concluded that the agreement between Dow and Plaintiff's employer specifically reserved to the employer the right to control the details of the work, and further that there was no evidence of any actual control exercised by Dow over the work performed by the Plaintiff.  The Supreme Court thus affirmed summary judgment awarded to Dow in that case.

The facts in the present case indicate that PACCAR is similarly removed from the details of the Plaintiff's work as in *Phillips*. PACCAR owns the property and it is operated by its subsidiary Peterbilt who in contracted by purchase order with the Plaintiff's employer to perform work at the facility. *See* Exhibit "D."

It is clear that Plaintiff's employer, Humphrey & Associates, was the only entity that exercised any control over the manner in which the Plaintiff performed his work at the facility and the safety measures associated with such work. Plaintiff even testified that it was Humphrey & Associates who implemented any applicable safety standards. *See* Exhibit "B" at page 33-36.

As a result of the foregoing summary judgment evidence, Defendant PACCAR has established that they neither exercised actual control over the aspects of the Plaintiff's work that lead to his injuries, nor had any right to exercise such control. As a result, Defendants are entitled to summary judgment pursuant to Texas Civil Practice & Remedies Code §95.003(1).

> 3. *Even if there were some evidence of control, PACCAR would still be entitled to summary judgment under section 95.003 because there is no evidence that those parties had actual knowledge of the danger or condition resulting in the injury failed to adequately warn the Plaintiff.*

As pointed out in *Phillips v. Dow*, 2005 Tex. App. LEXIS 9877 (Tex. Nov. 30, 2005), Section 95.003(2) elevated the alternative, common law, "should have known" test of the premises owner's knowledge of a dangerous condition, to an "actual knowledge" requirement. *Compare* TEX. CIV. PRAC. & REM. CODE ANN § 95.003(2) (requiring actual knowledge) *with Williams v. Olivo,* 952 S.W.2d 523, 527, 40 Tex. Sup. Ct. J. 887, 41 Tex. Sup. Ct. J. 19 (Tex. 1997) (recognizing that a duty to warn of dangerous conditions could be based on constructive knowledge of that condition, as well as actual knowledge). A dangerous condition is one which creates a substantial risk of injury even when the property is used with due care in a manner and

which is a reasonably foreseeable use for which it will be used. *See* BLACK'S LAW DICTIONARY 394 (6th Ed. 1990).

The summary judgment evidence negates the proposition that PACCAR ever had actual knowledge of a dangerous condition. There is no evidence a report had been made by any employees of or independent contractors engaged by PACCAR regarding the die rack in question. Plaintiff testified similar to something he had seen and that he had never seen metal dies kept in any other manner. *See* Exhibit "B," pp. 82-85. Defendant expert confirms that this is a routine manner for storage of such dies. *See* Exhibit "C."

With respect to the issue of whether the die rack itself should have had warnings or been placed elsewhere, Defendant's expert Donald Wandling, P.E. examined the premises and a die rack Plaintiff agreed was substantially similar, and concluded that such warnings were not standard or necessary. Even assuming that the rack was placed in the middle of the aisle as asserted by Plaintiff, there is still no standard industry warning. *See* Exhibit "C". The die rack was did not become unsafe until Plaintiff put his hand under it.

Plaintiff has simply alleged that Defendant should have warned of the "dangerous shelf" or repaired it. However, there is no evidence that it is defective and there is no evidence that the die rack is itself dangerous. Knowledge that a premise is potentially dangerous is not sufficient to satisfy the second prong of Section 95.003; actual knowledge of the danger is required. *See Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688 (Tex. App.—Houston 14th Dist. 2004, pet. filed); *Kelly v. Lin Television of Texas*, L.P., 27 S.W.3d 564, 572 (Tex. App.--Eastland 2000, pet. denied) (declining to equate a negligent failure to inspect with actual knowledge of dangerousness); *see also Fisher v. Lee & Chang P'ship*, 16 S.W.3d 198, 202 (Tex. App.--

Houston [1st Dist.] 2000, pet. denied) (explaining that because land owner had no knowledge of defective ladder there was no duty to warn).

In sum, Plaintiff can adduce no evidence that PACCAR possessed actual knowledge of a dangerous condition on their premises with the die rack, providing an additional basis for summary judgment to those entities pursuant to the operation of §95.003(2).

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED, PACCAR, INC.**, request that the Court grant this Motion for Summary Judgment, entering summary judgment against Plaintiff on all claims against Defendant, and granting such other and further relief, at equity and in law, to which they show themselves to be justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP AND VITULLO, L.L.P**

/s/ Elizabeth Flora_____
**THOMAS W. FEE**
State Bar No. 06873160
**ELIZABETH R. FLORA**
State Bar No. 24036572

FEE, SMITH, SHARP & VITULLO, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]
tfee@feesmith.com
eflora@feesmith.com
Attorneys for Defendant PACCAR, Inc.

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 24, 2007, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Eastern District of Texas – Sherman Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


Karl F. Lynch
Clinesmith & Lynch, LLP
121 West Hickory, Suite 100A
Denton, TX  76201


              /s/ Elizabeth Flora_____
              ELIZABETH FLORA